UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,

                                                                                              Civil. Action: 19-cv-3935

                                        Plaintiff,

v.                                                                         COMPLAINT

PCHANGE LLC d/b/a
PCHANGE PROTECTIVE SERVICES,

                                        Defendant.
-----------------------------------------------------------------------X

        Building Service 32BJ Health Fund (the "Fund"), as and for its Complaint against PChange LLC ("Defendant") respectfully alleges as follows:

## NATURE OF ACTION

1.     This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund for contractual and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and employee information to the Fund by electronic transfer as per the contractual and statutory requirements. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions to the Fund when due as per the Fund's rules and regulations, Defendant violated its collective bargaining agreement, the trust agreements of the Fund, and ERISA.

## JURISDICTION

1

2.      Jurisdiction of this Court is invoked under the following statutes:

    (a)     Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b)     Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c)     28 U.S.C. Section 1331 (federal question); and

    (d)     28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.      Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4.      The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health benefits to

those employees eligible to receive them. The Fund maintains its office and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto PChange LLC was and continues to be an Arizona for profit corporation doing business as PChange Protective Services and having a principal place of business at 16845 N 29th Avenue, Suite 502, Phoenix, AZ 85053, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Upon information and belief, at all times relevant Defendant was party to a series of collective bargaining agreements (the "Agreements") with the Union. As part of these Agreements, Defendant agreed to make benefit contributions to the Funds on behalf of employees covered by the Agreements.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

8. The Fund repeats and realleges each allegation set forth in paragraphs 1 through 7 as if fully set forth herein.

9. Pursuant to the Agreements, there became due and owing to the Fund from Defendant benefit contributions from December 1, 2018 through March 31, 2019.

10. Defendant has fallen delinquent in its contributions owed to the Fund, owed between December 1, 2018 through March 31, 2019, although all contributions have been duly demanded and the Funs has been damaged in the amount to be determined.

11. For the period December 1, 2018 through March 31, 2019, Defendant failed to pay the Fund no less than $3,916.00 in required contributions, in violation of the Agreements.

12. The failure, refusal or neglect of Defendant to make the required contributions to Plaintiff Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Fund as a third-party beneficiary.

13. Accordingly, Defendant is liable to the Fund for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, liquidated damages, plus interest, the Fund's attorney's fees and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA)

14. The Fund repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

16. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Fund when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

17.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to Plaintiff the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

18.     For the period December 1, 2018 through March 31, 2019, Defendant failed to pay to the Fund no less than $3,916.00 in required contributions, in violation of ERISA.

19.     Accordingly, Defendant is liable to the Fund for the payment and/or submission of the required monetary contributions and/or reports to the Fund as aforesaid, and is liable for the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

WHEREFORE, plaintiff Fund demands judgment:

a.  against Defendant for payment of all past due contributions to date, in an amount of not less than $3,916.00,

b.  against Defendant for payment of all contributions which become due during the pendency of this action in accordance with ERISA § 502(g)(2) and the Agreement,

c.  against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2) and the Agreement,

d.  against Defendant for statutory damages on all contributions now due and which accrue during the pendency of this action, liquidated damages, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement;

    e.    for such other and further relief as the Court deems just and proper.

Dated:   Fort Lee, New Jersey
          May 2, 2019

                                                RAAB, STURM & GANCHROW, LLP

                                                By: _____
                                                Samuel R. Bloom (SB1988)
                                                Attorneys for Plaintiffs Funds
                                                2125 Center Avenue
                                                Suite 100
                                                Fort Lee, New Jersey
                                                (Tel) 201-292-0150
                                                (Fax) 201-292-0152